SCHUTT v LADO

Docket No. 73410. Submitted April 10, 1984, at Grand Rapids.—
Decided October 16, 1984.

Plaintiff, Trula Mae Schutt, brought an action in the Kent
Circuit Court against defendants, Dr. Robert Lado, Dr. Ardis
Lado and Lado & Lado Clinic, P.C., seeking damages for assault
and battery, false imprisonment and intentional infliction of
emotional distress. The action arose out of an incident which
was alleged to have occurred during the course of plaintiff's
employment with defendants. Plaintiff alleged that she was
restrained and prevented from leaving the private office of
Robert Lado, verbally threatened with violence and injury to
her person, and physically beaten and battered. After filing her
complaint, plaintiff filed for workers' compensation benefits
against the defendants describing the nature of her disability
as bruises and psychological and emotional damage. Plaintiff
and defendant Lado & Lado Clinic, P.C., subsequently reached
an agreement to redeem the workers' compensation liability for
$4,000 and the agreement was approved by a hearing referee.
Defendants then moved in the circuit court for an accelerated
judgment. The circuit court, Woodrow A. Yared, J., entered an
order of accelerated judgment of dismissal holding that plain-
tiff's action was barred by the exclusive remedy provision of the
Worker's Disability Compensation Act. Plaintiff appeals alleg-
ing error in the granting of an accelerated judgment on her
claims of false imprisonment and intentional infliction of emo-
tional distress. *Held:*

1. Plaintiff's claims of false imprisonment and intentional
infliction of emotional distress do not fall within the exclusive
remedy provision of the Worker's Disability Compensation Act.
Plaintiff's allegations meet the requirements of a "true" inten-

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Workmen's Compensation § 50.

82 Am Jur 2d, Workmen's Compensation § 341.

Workmen's Compensation Act as furnishing exclusive remedy for
employee injured by product manufactured, sold, or distributed
by employer. 9 ALR4th 873.

[2, 3] 15 Am Jur 2d, Civil Rights § 279.

81 Am Jur 2d, Workmen's Compensation §§ 51, 55 *et seq.*

tional tort: the formation by the employer of a specific intention to cause an injury or death combined with some action aimed at accomplishing such result, as opposed to mere negligence or even gross negligence. Because intentional torts by the employer were properly pled, the exclusive remedy provision does not apply and the trial court erred in granting an accelerated judgment on this ground.

2. The plaintiff's allegations are distinguishable from those allegations of intentional torts which, in essence, claim only that an employer was negligent in permitting another person to commit an intentional tort against the plaintiff, which claims would properly belong within the exclusive remedy provision of the act.

Reversed.

1. Workers' Compensation — Exclusive Remedy.

Workers' compensation benefits are the exclusive remedy against both the employer and coemployees where an employee's injury is within the scope of the Worker's Disability Compensation Act (MCL 418.131; MSA 17.237[131]).

2. Workers' Compensation — Exclusive Remedy — Intentional Torts — Civil Rights Violations — Contract Rights Violations.

The Court of Appeals has determined that an employee's injuries arising from an intentional tort committed by the employer with the intent to cause the injuries do not fall within the exclusive remedy provision of the Worker's Disability Compensation Act; civil rights violations and contract rights violations also fall outside the act's exclusive remedy provision (MCL 418.131; MSA 17.237[131]).

3. Workers' Compensation — Exclusive Remedy — Intentional Torts.

An intentional tort does not fall within the exclusive remedy provision of the Worker's Disability Compensation Act where it is based on the formation by the employer of a specific intention to cause an employee's injury or death combined with some action aimed at accomplishing such result, as opposed to mere negligence or gross negligence; intentional torts which, in essence, are based on a claim only that an employer was negligent in permitting another person to commit an intentional tort against the employee would fall within the act's exclusive remedy provision (MCL 418.131; MSA 17.237[131]).

*Dilley & Dilley* (by *Thomas R. Dilley),* for plaintiff.

*Norman C. Halbower, P.C.* (by *James K. Oslund),* for defendants on appeal.

Before: R. M. MAHER, P.J., and WAHLS and J. A. HATHAWAY,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order granting defendants' motion for accelerated judgment pursuant to GCR 1963, 116.1(2). The court granted the motion after holding that plaintiff's action was barred by the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131).

Plaintiff sued defendants for assault and battery, false imprisonment and intentional infliction of emotional distress. These allegations were premised on an incident on February 17 and 18, 1981, in which plaintiff claims that "while in the course of her employment with the defendants", she was restrained and prevented from leaving the private office of defendant Robert Lado, verbally threatened with violence and injury to her person, and physically beaten and battered. After filing this complaint in circuit court, plaintiff filed for workers' compensation benefits against defendants. In her petition for hearing, plaintiff again cited the incident described in her complaint and described the nature of her disability as "[b]ruises to stomach, neck, hip [and] back; psychological [and] emotional damage as well". Plaintiff and defendant Lado & Lado Clinic, P.C., subsequently reached an agreement to redeem the workers' compensation liability for $4,000. This redemption agreement was duly approved by a hearing referee. After this development, defendants sought and obtained an accelerated judgment on plaintiff's circuit court complaint.

On appeal, plaintiff argues that the trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

erred by granting accelerated judgment on her claims for false imprisonment and intentional infliction of emotional distress.[1] She contends that these claims do not fall within the exclusive remedy provision of the Worker's Disability Compensation Act and were not covered by the redemption agreement. We agree with the first contention.

Where an injury is within the scope of the Worker's Disability Compensation Act (WDCA), workers' compensation benefits are the exclusive remedy against both the employer and the coemployees. *Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976); *Holody v Detroit,* 117 Mich App 76; 323 NW2d 599 (1982). However, not all injuries allegedly caused by an employer are necessarily covered by the act. Examples of such injuries found by this Court to be outside the exclusive remedy provision are injuries arising from an intentional tort where an intentional act is committed by the employer with the intent to cause the injuries. See *Barnes v Double Seal Glass Co, Inc,* 129 Mich App 66, 78; 341 NW2d 812 (1983) (T. M. BURNS, P.J., *concurring); Seals v Henry Ford Hospital,* 123 Mich App 329; 333 NW2d 272 (1983); *Kissinger v Mannor,* 92 Mich App 572; 285 NW2d 214 (1979), and *Broaddus v Ferndale Fastener Div, Ring Screw Works,* 84 Mich App 593; 269 NW2d 689 (1978), *lv den* 403 Mich 850 (1978). Other examples include civil rights violations and contract rights violations. See *Milton v Oakland County,* 50 Mich App 279; 213 NW2d 250 (1973), and *Slayton v Michigan Host, Inc,* 122 Mich App 411; 332 NW2d 498 (1983).

In this case, plaintiff has clearly alleged torts

[1] Plaintiff does not dispute dismissal of her claim for assault and battery as she agrees that she has already been compensated for her damages under this claim.

which fall outside the exclusive remedy provision. She alleges that Dr. Robert Lado "wilfully and deliberately" imprisoned her in his office "without legal excuse or justification" and that the actions of the defendants were "intentionally, deliberately and maliciously committed" for the purpose of causing plaintiff to suffer great emotional and mental distress. These allegations meet the requirements of a "true" intentional tort: "the formation by the employer of a specific intention to cause an injury or death (combined with some action aimed at accomplishing such result), as opposed to mere negligence or even gross negligence". *Barnes v Double Seal Glass, supra,* 129 Mich App 81 (T. M. BURNS, P.J., *concurring).* The allegations are therefore distinguishable from those allegations of intentional torts which, in essence, claim only that an employer was *negligent* in permitting another person to commit an intentional tort against the plaintiff. Such claims would properly belong within the exclusive remedy provision of the WDCA. See *Burgess v Holloway Construction Co,* 123 Mich App 505; 332 NW2d 584 (1983); *Genson v Bofors-Lakeway, Inc,* 122 Mich App 470; 332 NW2d 507 (1983), and *McKinley v Holiday Inn,* 115 Mich App 160; 320 NW2d 329 (1982), *lv den* 417 Mich 890 (1983). Because intentional torts by the employer have been properly pled in this case, the exclusive remedy provision does not apply and the trial court erred by granting accelerated judgment on this ground. We therefore reverse the trial court's decision.

Because we have reached this result, we need not address plaintiff's other asserted reason for reversing the grant of accelerated judgment.

Reversed.