LEONARD v ALL-PRO EQUITIES

Docket No. 81504. Submitted December 11, 1985, at Detroit.—Decided
    February 4, 1986.

Annabelle Leonard, administratrix of the estate of Norris Wash-
    ington, deceased, brought a wrongful death action in Wayne
    Circuit Court against All-Pro Equities, Inc., Brady Keys Food
    Service, Inc., All-Pro Food Service, Inc., Burger King Corpora-
    tion and Brady Keys, Jr. Plaintiff alleged that the death of the
    deceased, which resulted from a gunshot wound received by the
    deceased during a robbery attempt at the Burger King restau-
    rant at which he was employed as a security guard, was
    attributable to various acts of the defendants. All-Pro Equities
    had entered into a franchise agreement with Burger King and
    had built the restaurant at which the deceased was shot. Prior
    to deceased's employment, All-Pro Food Service purchased the
    assets of All-Pro Equities and the franchise was transferred by
    All-Pro Equities to All-Pro Food. All of the defendants moved
    for summary judgment. The trial court, Susan D. Borman, J.,
    granted summary judgment in favor of each defendant. Plain-
    tiff appealed as of right from the judgment entered on behalf of
    each defendant except Brady Keys, Jr. Held:

    1. Summary judgment was properly entered in favor of All-
    Pro Equities, since the assets of the business, including the
    interest in the franchise agreement, was transferred to All-Pro
    Food Services. As a predecessor corporation, All-Pro Equities
    could not have owed the duty which plaintiff alleged in her
    complaint.

    2. Summary judgment in favor of Brady Keys Food Service
    was proper not only because plaintiff's counsel agreed that
    Brady Keys Food Service should be out of the case, but also

REFERENCES

Am Jur 2d, Franchises §§ 4-8.
Am Jur 2d, Workmen's Compensation §§ 50-64, 240-244, 329.
What conduct is willfull, intentional, or deliberate within Work-
    men's Compensation Act provision authorizing tort action for
    such conduct. 96 ALR3d 1064.
See also the annotations in the ALR3d/4th Quick Index under
    Franchise.

because plaintiff has failed to reveal any connection whatsoever between the deceased and Brady Keys Food Service.

3. The only count of plaintiff's complaint as it applies to All-Pro Food Service, Inc., which might arguably not be subject to the exclusive remedy provision of the Worker's Disability Compensation Act is the count that alleged that defendants made intentional misrepresentation to the deceased, presumably about the risks involved in his job. Even if an intentional tort exception to the exclusive remedy provision is recognized, it is only applicable where the employer has a specific intent to cause injury or death to the employee. Since plaintiff has made no allegations that the employer specifically intended injury to or the death of the deceased, summary judgment was proper.

4. To the extent that plaintiff sought to establish that Burger King Corporation is liable because it retained control over the hiring, firing and direction of employees, plaintiff necessarily established that Burger King is the real employer and thereby protected by the exclusive remedy provision of the Worker's Disability Compensation Act. Summary judgment in favor of Burger King was justified either on the basis of the failure to establish the necessary agency relationship, if plaintiff's pleadings with respect to that relationship are deemed to be insufficient, or on the basis of the exclusive remedy provision, if the plaintiff's pleadings are deemed to be adequate to establish the relationship.

Affirmed.

1. WORKERS' COMPENSATION — WORKER'S DISABILITY COMPENSATION
   ACT — EXCLUSIVE REMEDY.

   Three questions must be answered in the affirmative in order to preclude an employee's civil cause of action against his employer because of the exclusive remedy provision of the Worker's Disability Compensation Act: (1) Were the conditions of liability under the act present at the time of plaintiff's injury? (2) Is plaintiff seeking to recover damages for personal injuries? (3) Is plaintiff's suit based upon the employer-employee relationship? (MCL 418.131; MSA 17.237[131]).

2. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — WRONGFUL
   DEATH — INTENTIONAL TORTS.

   A wrongful death action against the employer of a deceased employee is barred by the exclusive remedy provision of the Worker's Disability Compensation Act where the death resulted from the deceased employee's being shot during a robbery which occurred during the course of his employment and the action is based on a claim that the employer intentionally

misrepresented to the deceased employee the risks of the job, since the employee's death clearly arose in the course of his employment, the wrongful death claim clearly relied upon the employer-employee relationship to attempt to establish a duty of the employer to inform the deceased employee of the risks of the job, and there is no allegation that the employer intended to injure or kill the employee (MCL 418.131; MSA 17.237[131]).

3. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — WRONGFUL DEATH — FRANCHISES.

A wrongful death action against one who granted a franchise to the employer of the deceased is barred by the exclusive remedy provision of the Worker's Disability Compensation Act where the action against the grantor of the franchise is based upon the grantor's retained control, since, if the grantor of the franchise retained sufficient control to establish the necessary basis for liability, the grantor of the franchise would necessarily have to be considered to be the real employer of the deceased employee under the economic realities test and thus within the scope of the exclusive remedy provision (MCL 418.131; MSA 17.237[131]).

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C. (by Jeremiah J. Kenney),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C. (by Robert G. Kamenec),* for defendants.

Before: DANHOF, C.J., and J. H. GILLIS and M. WARSHAWSKY,* JJ.

PER CURIAM. On October 16, 1981, plaintiff, Annabelle Leonard, administratrix of the estate of Norris Washington, deceased, filed a wrongful death action against defendants All-Pro Equities, Inc., Brady Keys Food Service, Inc., All-Pro Food Service, Inc., Burger King Corporation, and Brady Keys, Jr., in his individual capacity. The defendants brought a motion for summary judgment under the former GCR 1963, 117.2(3), which was

* Circuit judge, sitting on the Court of Appeals by assignment.

granted as to all defendants except Burger King Corporation by an order dated February 29, 1984. Pursuant to an order dated October 19, 1984, defendant Burger King's motion for summary judgment was also granted. Plaintiff appeals as of right, contesting the propriety of the judgments entered as to all of the defendants except Brady Keys, Jr., in his individual capacity.

Plaintiff's wrongful death action arose out of an incident which occurred on July 3, 1980, at the Burger King restaurant where the deceased was employed as a security guard. On that date, the deceased was shot and killed during an attempted armed robbery of the restaurant. The restaurant was originally run by defendant All-Pro Equities, which entered into a franchise agreement with the Burger King Corporation on May 26, 1971. However, on April 17, 1978, defendant All-Pro Food Service purchased the assets of All-Pro Equities, and on June 25, 1978, the latter transferred all of the rights, title and interest it held in the franchise agreement with the Burger King Corporation to All-Pro Food Service.

Before turning to the main issue presented in this appeal, *i.e.,* whether plaintiff's cause of action is barred by the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131), we begin by affirming the order of summary judgment as to All-Pro Equities. In light of the purchase of assets by and later transfer of interest in the franchise agreement to All-Pro Food Service, the latter, as successor corporation, was the employer of the deceased. Thus, the predecessor corporation could not have owed a duty to the deceased, as alleged in the plaintiff's complaint.[1]

---

[1] We note that this conclusion is based upon the legal insufficiency

The order of summary judgment as to Brady Keys Food Service was also appropriate since plaintiff's counsel agreed during the hearing on defendants' motion that Brady Keys Food Service should be out of the case. Even if plaintiff had not agreed on the record to dismiss that defendant, plaintiff has failed to reveal any connection whatsoever between her decedent and Brady Keys Food Service.

We are left then with the employer of the deceased, All-Pro Food Service, and the franchisor of the restaurant, Burger King Corporation. Plaintiff argues on appeal that the exclusive remedy provision should not have acted as a bar to her claim against the employer since she alleged an intentional tort in her complaint. The fifth count of plaintiff's complaint claims that the defendants made misrepresentations to the deceased with knowledge of the truth or in reckless disregard of the truth. Although the nature of these misrepresentations is not defined, it is likely that plaintiff was referring to the risks involved in the job.

We begin by noting that there is some doubt as to the existence of an "intentional torts" exception to the exclusive remedy provision. See *Beauchamp v Dow Chemical Co*, 140 Mich App 699, 705; 364 NW2d 286 (1984) (J. H. GILLIS, J., dissenting), *lv gtd* 422 Mich 936 (1985). As stated in *Genson v Bofors-Lakeway, Inc*, 122 Mich App 470, 478; 332 NW2d 507 (1983):

"We cannot say either that the Legislature clearly intended a separate exception for intentional torts not

of plaintiff's claim, rather than upon the absence of a factual dispute, and thus would have been more properly labeled as a motion for summary judgment under GCR 1963, 117.2(1), rather than GCR 1963, 117.2(3). However, since neither party was confused by the labeling of the motion, we will affirm the trial court's action. *Heikkinen v Aetna Casualty & Surety Co*, 124 Mich App 459; 335 NW2d 3 (1983).

falling within one of the other exceptions or that public policy so clearly requires such a result as to justify our creation of a legal fiction. We decline to create a separate exception to the exclusive remedy provision for intentional torts."

The *Genson* Court opted to analyze the issue by answering the three questions posed in *Neal v Raura Iron Works, Inc,* 66 Mich App 273, 275; 238 NW2d 837 (1975):

"[I]n order to decide that plaintiff's present action is precluded by the exclusive remedy provision of the Workmen's Compensation Act, we must answer the following three questions in the affirmative: (1) Were the 'conditions of liability under the act' present at the time of plaintiff's injury?, (2) Is plaintiff seeking to recover damages for personal injuries?, and (3) Is plaintiff's suit based upon the employer-employee relationship?"

Applying this analysis to the case before us, it is clear that plaintiff's claim against All-Pro Food Service is barred by the exclusive remedy provision. Plaintiff is seeking to recover for personal injuries sustained by the deceased in the course of his employment which led to his death. Further, plaintiff's complaint specifically relies upon the employer-employee relationship to support her claim, *i.e.,* she claims that All-Pro Food Service, as the deceased's employer, had a duty to make accurate representations to the deceased regarding the dangers of the job. Finally, it appears that the "conditions of liability" were present at the time of the incident which caused the death. Therefore, since "the injuries themselves fell within the purview of the act, irrespective of the nature of the employer's acts", *Sewell v Bathey Manufacturing Co,* 103 Mich App 732, 737-738; 303 NW2d 876 (1981), the exclusive remedy provision was applica-

ble to bar plaintiff's claim against All-Pro Food Service.

Furthermore, even those cases which were decided on the basis of the so-called "intentional torts" exception to the exclusive remedy provision have held that not every allegation of an intentional tort will take a plaintiff outside the provisions of the act. Rather, a plaintiff must allege a "true" intentional tort, *i.e.,* "the formation by the employer of a specific intention to cause an injury or death (combined with some action aimed at accomplishing such result), as opposed to mere negligence or even gross negligence". *Barnes v Double Seal Glass Co, Inc,* 129 Mich App 66, 81; 341 NW2d 812 (1983) (T. M. BURNS, P.J., concurring); *Schutt v Lado,* 138 Mich App 433, 437; 360 NW2d 214 (1984). Here, the "intentional tort" allegation contained in plaintiff's complaint is in fact no more than an allegation of negligence or gross negligence. Plaintiff appears to contend that the defendants intentionally misrepresented the dangers of the job in order to induce the deceased's reliance. Although not defined, we presume that the reliance alleged is the deceased's decision to accept the job. Clearly, this allegation is not a "true" intentional tort since plaintiff does not claim that the employer formed the specific intent to cause the death, nor does plaintiff point to any action undertaken by defendant All-Pro Food Service to accomplish such a result. Therefore, even if we were to accept the validity of the supposed intentional torts exception to the exclusive remedy provision, plaintiff's failure to allege a true intentional tort would require that the order of summary judgment in defendant All-Pro Food Service's favor be affirmed.

The final defendant, Burger King Corporation, was granted summary judgment under GCR 1963,

117.2(3) by the trial court on the ground that plaintiff failed to establish her claim that a principal-agent relationship existed between Burger King and All-Pro Food Service by which defendant Burger King asserted control over such functions as hiring, firing, and supervision of employees. Plaintiff attempted to prove the existence of an agency relationship in order to establish a duty owed by defendant Burger King to her decedent.

We need not consider whether the trial court's failure to find the existence of an agency relationship was proper since plaintiff's position, if accepted, would require summary judgment in favor of defendant Burger King Corporation under GCR 1963, 117.2(1), *i.e.,* failure to state a claim upon which relief can be granted. If plaintiff were to succeed in establishing the existence of an agency relationship, such a finding would require the application of the exclusive remedy provision to bar her claim. If defendant Burger King Corporation retained the level of control over hiring, firing, and supervision of employees which was alleged by plaintiff, then the Burger King Corporation would be liable for the payment of workers' compensation benefits as the "true" employer under the economic realities test. *Wells v Firestone Tire & Rubber Co,* 421 Mich 641; 364 NW2d 670 (1984). Such a conclusion would render plaintiff's claim untenable by application of the exclusive remedy provision of the Worker's Disability Compensation Act. MCL 418.131; MSA 17.237(131). Thus, even if we were to accept plaintiff's argument that summary judgment under GCR 1963, 117.2(3) for failing to provide evidence of an agency relationship was improper, the legal invalidity of the claim plaintiff sought to advance

would require the same result, although pursuant to subsection (1) of the former court rule. We find no error.

Affirmed.