MIKEDIS v PERFECTION HEAT TREATING COMPANY

Docket No. 100298. Submitted March 15, 1989, at Detroit. Decided September 18, 1989.

Richard Mikedis filed a claim for workers' compensation benefits on May 7, 1984, stating that on January 14, 1984, he suffered a personal injury brought on by constant, strenuous treatment and harassment from his supervisors at his place of employment, Perfection Heat Treating Company, which caused him to suffer extreme depression and anxiety. On January 4, 1985, Richard Mikedis and Patricia Mikedis brought an action against Perfection in the Wayne Circuit Court. Count I was a claim for malicious, intentional and distressful harassment by Richard Mikedis' work supervisors, Count II alleged violation of the Employee Right to Know Act, and Count III was Patricia Mikedis' claim for loss of consortium. Richard Mikedis' workers' compensation claim was redeemed for $14,000 on May 23, 1985. Thereafter, the trial court, Thomas Roumell, J., granted defendant's motion for summary disposition as to Counts I and III of plaintiffs' complaint, apparently believing that the redemption settled all of plaintiffs' claims. The court cited *Kissinger v Mannor,* 92 Mich App 572 (1979), as supporting its decision. On December 29, 1986, plaintiffs moved in the circuit court for relief from Judge Roumell's order pursuant to MCR 2.612(C)(1)(c), (e) and (f). They alleged that relief was warranted since Judge Roumell had been unaware of an agreement between plaintiffs' counsel in the workers' compensation action and counsel for Perfection's insurer that the redemption settled only the workers' compensation claim, not the personal injury lawsuit. Plaintiffs also cited favorable precedent in *Leonard v All-Pro Equities,* 149 Mich App 1 (1986). The successor to Judge Roumell, John A. Murphy, J., set aside the prior judgment and reinstated the suit against defendant, relying on evidence regarding the redemption agreement, the *Leonard* case, and MCR 2.612(C)(1)(f). Such action occurred seventeen months and three

REFERENCES

Am Jur 2d, Appeal and Error § 126; Judgments §§ 671 *et seq.*

See the Index to Annotations under Vacation and Modification of Judgment or Verdict.

weeks after the final judgment had been rendered by Judge Roumell. Defendant appealed.

The Court of appeals *held:*

1. Judge Roumell's dismissal of Counts I and III of plaintiffs' tort action was not brought about by any misrepresentation of defendant or defense counsel. It is highly unlikely that, had Judge Roumell been fully informed of the facts, he would have granted defendant summary disposition.

2. Under the unique circumstances of this case, and since no claim of manipulation on the part of plaintiffs is made, the requirements for relief from judgment under MCR 2.612(C)(1)(f) have been met.

3. Judge Roumell erred in construing *Kissinger* as holding that, where a claim for physical and mental disability is processed before the Workers' Compensation Bureau and is redeemed, any right to pursue the matter further is terminated. Rather, *Kissinger* held that a claim for an intentional tort arising from the infliction of mental distress is not barred by the exclusive remedy provision of the Workers' Disability Compensation Act.

4. The facts indicate that there are extraordinary circumstances which entitled plaintiffs to relief from judgment under MCR 2.612(C)(1)(f).

Affirmed.

1. JUDGMENTS — MOTIONS AND ORDERS — RELIEF FROM JUDGMENT.

The requirements which must be satisfied for relief from a judgment pursuant to the court rule authorizing relief for "any other reason justifying relief from the operation of the judgment" are: (1) the reason for setting aside the judgment must not fall under MCR 2.612(C)(1)(a) through (e); (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside; and (3) extraordinary circumstances must exist which mandate setting aside the judgment in order to achieve justice (MCR 2.612[C][1][f]).

2. MOTIONS AND ORDERS — RELIEF FROM JUDGMENT — APPEAL.

A trial court's ruling on a motion for relief from a judgment is discretionary and will not be disturbed on appeal absent a clear showing of an abuse of discretion; in exercising its discretion, the trial court must balance the public interest in achieving finality in litigation versus the private interest of remedying an injustice (MCR 2.612[C]).

*L. Rodger Webb, P.C.* (by *L. Rodger Webb*), for plaintiffs.

*O'Neill, Shannon & Mills* (by *John P. O'Neill* and *Walter H. Gilbert*), for defendant.

Before: WAHLS, P.J., and REILLY and G. S. ALLEN,* JJ.

G. S. ALLEN, J. Seventeen months and three weeks after final judgment was entered on August 29, 1985, dismissing plaintiffs' action for intentional infliction of emotional distress, a successor circuit judge, acting pursuant to MCR 2.612(C)(1)(f), set aside the judgment and reinstated suit against defendant. From an order dated April 10, 1987, incorporating the trial court's ruling, defendant appeals by leave granted. We affirm.

On June 30, 1977, plaintiff Richard Mikedis was hired by defendant, Perfection Heat Treating Company, as a furnace worker. After one year he was transferred to the position of maintenance trainee and later was transferred to the shop as a laborer. In 1980, plaintiff commenced suffering anxiety attacks, allegedly caused by severe harassment by his work supervisors, and was treated by a psychiatrist. In March, 1981, plaintiff suffered a nervous breakdown for which he was hospitalized for thirty days. He recovered and resumed his job with Perfection, but the harassment by his supervisors allegedly continued, and in January, 1984, he was placed on indefinite, unpaid medical leave of absence.

On May 7, 1984, plaintiff filed a claim for workers' compensation benefits stating that on January 14, 1984, he suffered a personal injury brought on by the constant, strenuous treatment and harassment from his work supervisors which caused him to suffer extreme depression and anxiety. Approxi-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

mately eight months later, on January 4, 1985, plaintiff and his wife (whose claim is derivative) filed a three-count complaint in the Wayne Circuit Court. Count I was a claim for malicious, intentional and distressful harassment by plaintiff's work supervisors; Count II was for violation of the Employee Right to Know Act, MCL 423.503; MSA 17.62(3); Count III was Patricia Mikedis' claim for loss of consortium.

On March 22, 1985, defendant moved for summary disposition under MCR 2.116(C)(4) and (7) on grounds that a workers' compensation claim had previously been filed and that the claim in circuit court was barred by the exclusive remedy clause of the Workers' Disability Compensation Act. Plaintiffs answered, and on May 23, 1985, prior to a hearing on the motion for summary disposition, the workers' compensation claim was redeemed for $14,000. The redemption agreement reads in relevant part:

> Plaintiff alleges disability in the nature of cervical, dorsal, lumbar and sacral spine; heart; chest; lungs, upper and lower extremities; knees; feet; hands; head; arthritis; hypertension; and mental disorders including neurosis and psychosis and other conditions both known and unknown; and hernia.
>
> Plaintiff offers and agrees to settle *all his/her claims of any nature whatsoever,* including medical, surgical and hospital expenses past, present, or future, by way of a redemption of liability of defendants under the Michigan Worker's Compensation Act for $14,000.00.
>
> Defendants agree to pay $14,000.00 *in redemption of all liability under the Michigan Worker's Compensation Act,* including medical, surgical and hospital expenses past, present, or future. [Emphasis added.]

At a hearing on August 16, 1985, Judge Roumell inquired whether the workers' compensation claim had been redeemed. The transcript reflects the following response:

> *Mr. O'Neill* [*Defense counsel*]: Yes, your Honor. The claim has been allowed and it has been redeemed and the plaintiff has received his money.
>
> *The Court:* When did that happen?
>
> *Mr. O'Neill:* Oh about a month or six weeks ago is my understanding. Is that correct counsel?
>
> *Mr. Webb* [*Plaintiffs' counsel*]. I don't know. My prior law firm is handling that and I don't have a copy of that file.
>
> *The Court:* Okay, well . . .
>
> *Mr. O'Neill:* I can affirmatively represent to the Court that the claim has been paid because I have it from the insurance company itself.
>
> *The Court:* Well the *Kissinger* [*v Mannor,* 92 Mich App 572; 285 NW2d 214 (1979)] case kind of disposes of this matter doesn't it? The *Kissinger* case has stated that there may be a claim for physical and mental disabilities processed by the Workmen's Compensation Bureau and if they do compensate that, that terminates any common law entitlement to pursue the matter any further.
>
> Can you overcome that by any citation? The citations you've furnished, I've looked over all of them and I'm persuaded that the state of the law is that if you didn't get any claim recognition or claim benefits or award from Workmen's Compensation, that this was an industrial injury just like any other injury and the law allows physical or mental claim of—under Workmen's Compensation law and if that has been so and that has been paid, I think all three counts of your complaint must go down.
>
> *Mr. Webb:* Well Judge I don't read *Kissinger* that way. I think what *Kissinger* is saying is that there is no bar to a court claim if there is an intentional tort and I cited law to that effect.
>
> *The Court: Well, an intentional tort in the con-*

*text of what you have urged here has already been pursued and has already been heard and been compensated for because that's all that you have here. The facts as presented to the Court through your pleadings has [sic] all went to Workmen's Compensation.* The conduct of his employer towards him and the representation and in seeking his file and all of these things. All of them were theoretically and actually disposed of by the claim before the Worker's Compensation Bureau.

*Mr. Webb:* Well Judge in regards the—as regards the allegation under the [Employee Right to Know] Act, that clearly is not contemplated under the Worker's Compensation statute. I mean that is an independent statutory claim . . .

*The Court:* Count I and Count III would have to fall under the ruling of the Court. Count II then remains for an amount less than ten thousand dollars and would have to be deferred and dismissed in any event.

On August 29, 1985, Judge Roumell entered an order summarily dismissing Counts I and III of plaintiffs' complaint and as to Count II granting plaintiffs damages of $200.

No appeal, either as of right or by delayed leave, was taken by plaintiffs. Instead, sixteen months later, on December 29, 1986, plaintiffs moved the circuit court for relief from Judge Roumell's order pursuant to MCR 2.612(C)(1)(c), (e) and (f). Plaintiffs' brief in support of the motion gave two reasons justifying relief: (1) unbeknownst to Judge Roumell and to plaintiffs' counsel in the circuit court action, it had been explicitly agreed between plaintiffs' counsel in the workers' compensation action and counsel for Travelers Insurance Company, representing Perfection, that the redemption settled only the workers' compensation claim and "was in no way determinative of the personal injury lawsuit"; and (2) the Court of Appeals had

recently issued its opinion in *Leonard v All-Pro Equities,* 149 Mich App 1; 386 NW2d 159 (1986), holding that an employee may maintain a civil action for an intentional tort despite the exclusive remedy provision of the Workers' Disability Compensation Act.

Attached to plaintiffs' motion was an affidavit of Kenneth W. Kalls, the attorney who represented Richard Mikedis in the workers' compensation proceedings. In that affidavit dated December 17, 1986, Mr. Kalls states in pertinent part:

> 5. That prior to the redemption hearing, I spoke with Nancy E. Yost, attorney for Travelers Insurance Company, and obtained her concurrence that the redemption was only settling Mr. Mikedis' compensation claim.
>
> 6. That Ms. Yost indicated she was aware of the above-mentioned personal injury lawsuit pending in Wayne County Circuit Court, and that the redemption agreement was in no way determinative of the personal injury lawsuit.
>
> 7. That I sought and obtained Ms. Yost's agreement on the record that the redemption agreement would be a "settlement of Mr. Mikedis' rights under the Worker's Disability Compensation Act."

A hearing on the motion was held on February 20, 1987, before Circuit Judge John Murphy, successor to retired Judge Roumell. At the conclusion of the hearing, Judge Murphy opined that "there is a substantial injustice that occurred in the context of this case when judgment was entered by my predecessor." He then went on to rule:

> This court has carefully examined the transcripts of the proceedings on Defendant's Motion to Dismiss. At that time, the court concluded that the intentional tort cause had been settled by way

of the Worker's Comp. claim between the parties. Nowhere on the record, however, is it indicated the exact language of that settlement.

The Court now has the benefit of that missing piece of evidence, and must conclude that it alone would not be sufficient to preclude litigation of Plaintiff's claim for intentional infliction of emotional distress. As to whether the tort plead [sic] here falls outside the exclusive remedy context, the Court also now has the recently-decided Court of Appeals case of *Leonard v All-Pro Equities.* That case did much to clarify the rather opaque law on the subject involved here.

Suffice it to say that this case in clarification of the definition of intentional tort compels this Court to conclude that the cause of action plead [sic] by Plaintiffs is not prohibited by one Worker's Compensation Exclusivity Requirement. With respect to the retroactive effect of *Leonard,* this Court doesn't feel that any retroactivity problems arise because *Leonard* did not create a new cause of action or new rule of law, but rather, clarified the law as it then existed as to the applicable time limit regarding 2.6.12 [sic].

The Court specifically makes a determination under (C)(1) and (f) [sic] of that rule. Plaintiffs, therefore, need only make their motion within a reasonable time, which this Court feels have [sic] been done considering the unique nature of this situation.

For these reasons, this Court must grant the Plaintiff's Motion and set aside the Judgment earlier entered.

On appeal, it is defendant's contention that plaintiffs improperly substituted MCR 2.612(C)(1)(f) for the orderly appeal process. The proper remedy, defendant argues, would have been a motion for leave to file a delayed appeal rather than attempting to set aside the judgment. Defendant argues that no extraordinary circumstances existed on which to base MCR 2.612 relief. Defendant also

argues that, since *Leonard v All-Pro Equities,* *supra,* was decided after judgment was entered by Judge Roumell, it may not be retroactively used as a basis for relief. Conversely, plaintiffs argue that had Judge Roumell known the full facts concerning the redemption of the workers' compensation claim, he would not have summarily dismissed plaintiffs' suit in tort. Plaintiffs argue that this circumstance, when considered with this Court's decision in *Leonard,* constitutes the "extraordinary circumstances" upon which MCR 2.612(C)(1)(f) was properly utilized. Further plaintiffs argue that, since *Leonard* did not change the law, but only clarified it, it may be given full retroactive effect.

The grounds relied upon by plaintiffs are subrules (c), (e) and (f) of MCR 2.612(C)(1) which read:

> (C) Grounds for Relief From Judgment.
> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> \*   \*   \*
>
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
>
> \*   \*   \*
>
> (e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.
> (f) Any other reason justifying relief from the operation of the judgment.

At the hearing before Judge Murphy no evidence was offered which would justify relief under subrule (e). Any possibility of the applicability of subrule (c) was eliminated when, at oral argument on appeal, counsel for plaintiffs forthrightly stated

that in the hearing before Judge Roumell defendant's counsel made no false or misleading statements or otherwise fraudulently led Judge Roumell to conclude that plaintiffs' claim in tort had been dismissed.[1] Thus, for all practical purposes, if Judge Murphy's action is to be upheld by this Court, it must be solely on the basis of compliance with subrule (f).

As stated in *Lark v The Detroit Edison Co,* 99 Mich App 280, 284; 297 NW2d 653 (1980), lv den 410 Mich 906 (1981), and restated in *Jackson Printing Co, Inc v Mitan,* 169 Mich App 334, 340; 425 NW2d 791 (1988), the requirements which must be satisfied for relief under GCR 1963, 528.3(6), the predecessor of current MCR 2.612(C)(1)(f), are:

> (I) The reason for setting aside the judgment must not fall under subrules (1) through (5),
> (II) The substantial rights of the opposing party must not be detrimentally affected if the motion (sic) is set aside, and
> (III) Extraordinary circumstances must exist which mandate setting aside the judgment in order to achieve justice.

A trial court's decision concerning subrule (f) is discretionary and will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Lark, supra,* p 282; *McNeil v Caro Community Hospital,* 167 Mich App 492, 497; 423 NW2d 241 (1988). What constitutes "extraordinary circum-

---

[1] The transcript of the August 16, 1985, hearing before Judge Roumell shows that John O'Neill, counsel for defendant, in response to a question from the court "as to the outcome of the Workmen's Compensation claim," replied: "I can affirmatively represent to the Court that *the claim* has been paid because I have it from the insurance company itself." It is clear that Mr. O'Neill was referring to the compensation claim and not to the claim in circuit court for intentional infliction of emotional distress.

stances" is best described in *Kaleal v Kaleal,* 73 Mich App 181, 189; 250 NW2d 799 (1977):

> The exact parameters of this rule have never been delineated. Nor can they be. The trial courts must be empowered to draw from their long experience, both with the particular case and from the bench, to determine whether any variables in the case warrant this extraordinary relief. We eschew any standard which would force trial courts to engage in frustrating semantic exercises to bring his particular case, which is crying for relief, within the purview of an inflexibly phrased rule. Consistent with our viewpoint on when the rule should be utilized, is the statement set forth in 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 189:
>
> "(6) *Other reasons for justifying relief.* Subrule 528.3(6) authorizes a motion for relief for 'any other reason justifying relief from the operation of the judgment.' While this broad language was not intended to relieve a party of the necessity for protecting his interest by normally prescribed procedures, it does give the courts ample power to vacate judgments whenever extraordinary circumstances make it necessary to achieve justice."

Upon reviewing the proceedings before Judge Roumell, we conclude that Judge Roumell's dismissal of Counts I and III of plaintiffs' tort action was not brought about by any misrepresentation of defendant or defendant's counsel. Instead, it appears to us that Judge Roumell came to his conclusion simply on the fact that plaintiff's disability and the conduct causing that disability as set forth in the workers' compensation action was the same conduct as set forth, albeit more graphically, in plaintiffs' suit in tort. Accordingly, being assured that the $14,000 redemption settled the compensation claim, Judge Roumell concluded that the tort claim was also settled. Thus, it appears that, had

Judge Roumell known the full circumstances surrounding the redemption, had he been apprised of the facts set forth in the affidavit of attorney Kalls, or had he been informed of the statement at the conclusion of the redemption hearing that "this settlement be a settlement of Mr. Mikedis' rights under the Disability Compensation Act," it is highly unlikely he would have granted summary disposition. Although the word "only" does appear in the transcript (viz.: "be a settlement only of"), the fact that that statement was made at all is highly suggestive of claim recognition.

This is not a case where MCR 2.612(C)(1)(f) relief is sought in order to correct a failure to act or an ill-advised or careless decision by counsel. MCR 2.612(C)(1)(f) was not designed for such purposes. *Lark, supra.* Neither counsel in the instant case were counsel in the workers' compensation matter. Apparently, it was not until Kenneth Kalls made the sworn statement in December, 1986, that current counsel became aware that the compensation claim was redeemed in express recognition that redemption would not affect the action in circuit court. Significantly, defendant does not challenge the truth of the facts stated in the Kalls affidavit or otherwise claim fraud. Defendant simply argues that the facts so stated do not amount to "extraordinary circumstances" as that requirement is defined in *Lark, supra.*

Although the issue is admittedly close, we believe that, given the unique circumstances of this case and the fact that no claim of fraud or manipulation on the part of plaintiffs is made, the three requirements set forth in *Lark* for relief from judgment under MCR 2.612(C)(1)(f) have been met. First, the reason for setting aside the judgment does not fall within subrules (a), (b) or (c) since any motion for relief on those grounds must be made

within one year after the judgment sought to be set aside. Second, the substantial rights of defendant will not be detrimentally affected. Judge Murphy's reliance on the Kalls affidavit and the *Leonard* rationale to set aside the summary disposition in favor of defendants did not resolve the underlying issues which still remain to be heard on the merits. Plaintiffs' tort claim must still be heard on the merits and defendant may interpose all of the defenses available at trial, including (a) any challenges to the veracity of the facts set forth in the Kalls affidavit and (b) challenges that plaintiffs' claim in tort is barred by the exclusive remedy provision of the Workers' Disability Compensation Act because plaintiffs' pleadings did not set forth an intentional tort cause of action under MCL 418.131; MSA 17.237(131), as amended by 1987 PA 28.[2]

---

[2] Plaintiffs' reliance on *Leonard* is misplaced. There, the "intentional tort" allegation in plaintiff's complaint was found to be no more than an allegation of negligence or gross negligence. Nevertheless, in *Beauchamp v Dow Chemical Co*, 427 Mich 1; 398 NW2d 882 (1986), our Supreme Court did hold that the WDCA's exclusive remedy provision does not bar an employee's intentional tort action against his employer. In so ruling the Court adopted the substantial certainty standard of intentional torts in accordance with the Restatement of Torts, 2d. Therefore, "when the employer intended the act that caused the injury and knew that the injury was substantially certain to occur from the act, the employer has committed an intentional tort." 427 Mich 20. The issue of whether an act is an intentional tort is a question of law for the court. *Martin v Raker,* 173 Mich App 23, 26; 433 NW2d 377 (1988).

After *Beauchamp* was decided, the Legislature amended the exclusive remedy provision in 1987 PA 28 effective May 14, 1987. The amended provisions adopt an even stricter standard for an "intentional tort" than the substantial certainty standard set forth in *Beauchamp*. In *Schefsky v Evening News Ass'n,* 169 Mich App 223, 227; 425 NW2d 768 (1988), the amendatory language was found to be remedial in nature, not to create new rights or destroy existing rights, and therefore was applied retroactively. See also *Bowden v McAndrew,* 173 Mich App 591, 595; 434 NW2d 195 (1988). Cf. *Karl v Bryant Air Conditioning Co,* 416 Mich 558, 573-575; 331 NW2d 456 (1982); *Campbell v Detroit,* 51 Mich App 34; 214 NW2d 337 (1973); *Minty v Bd of State Auditors,* 336 Mich 370; 58 NW2d 106 (1953). Note that the discussion of retroactivity in both *Schefsky* and *Bowden* is dictum—in

Third, the facts set forth in the Kalls affidavit, if true, constitute extraordinary circumstances which justify setting aside Judge Roumell's grant of summary disposition in order to achieve justice. Failure to set aside that judgment would clearly be contrary to what plaintiffs claim was intended when the compensation claim was redeemed. Fairness to both parties dictates that the full facts concerning the redemption be heard. Those facts have never been heard.

Moreover, Judge Roumell erred in construing *Kissinger, supra,* as holding that where a claim for physical and mental disability is processed before the Workers' Compensation Bureau and is redeemed, any right to pursue the matter further is terminated. To the contrary, *Kissinger* held that a claim for an intentional tort arising from the infliction of mental distress is not barred by the exclusive remedy provision of the WDCA. In so holding, the *Kissinger* panel (of which this judge was a member) cited cases in which, notwithstanding a workers' compensation recovery, tort recovery was allowed, on grounds that as the tort recovery did not duplicate the basis for compensation allowed under the WDCA, the prohibition against double compensation would not bar the civil action. *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977); *Broaddus v Ferndale Fastener Division, Ring Screw Works,* 84 Mich App 593; 269 NW2d 689 (1978), lv den 403 Mich 850 (1978).[3]

---

both cases, this Court first held that the facts pled did not suffice to state a cause of action for intentional tort even under the lesser "substantial certainty" standard of *Beauchamp.* In the instant case, the complaint appears to set forth facts which, if proved, would meet the "absolute certainty" standard of 1987 PA 28. Thus, the question of retroactivity will not concern us at this stage of the action.

[3] While plaintiff cannot sue for damages which were covered in his workers' compensation settlement, plaintiff may sue and recover

Where, as here, a trial court's decision is erroneous, this Court may grant appellate relief on delayed application filed within eighteen months of the entry of judgment. MCR 7.205(F). Plaintiffs filed their motion for relief from judgment and the trial court rendered its ruling from the bench within this time period. Although it took the trial court beyond the eighteen months to issue its final order, the eighteen-month period was tolled from the date plaintiffs' motion was filed. *Riza v Niagara Machine & Tool Works, Inc*, 411 Mich 915 (1981).

A trial court's decision on a motion for relief from judgment pursuant to MCR 2.612(C) is discretionary and will not be overturned on appeal absent a clear showing of an abuse of discretion. *Jackson Printing, supra,* p 340; *Coates v Drake,* 131 Mich App 687, 691; 346 NW2d 858 (1984). In exercising its discretion, the court must balance the public interest in achieving finality in litigation versus the private interest of remedying an injustice. Given the facts of the instant case, we find the balance tilts in favor of remedying injustice.

In summary, Judge Roumell's dismissal of plaintiffs' complaint on summary disposition was based on an incorrect belief that plaintiffs had settled their intentional tort claim and an erroneous view of an earlier decision of this Court. This incorrect basis for summary dismissal of plaintiffs' complaint in tort, and its effect of precluding plaintiffs from pursuing an arguably viable cause of action, constitute extraordinary circumstances which entitled plaintiffs to relief from judgment under MCR

damages for injuries not covered by the act. *Broaddus v Ferndale Fastener Division, Ring Screw Works,* 84 Mich App 593, 599-600; 269 NW2d 689 (1978); *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361, 369; 258 NW2d 227 (1977); *Boscaglia v Michigan Bell Telephone Co,* 420 Mich 308, 319, n 14; 362 NW2d 642 (1984).

2.612(C)(1)(f). Accordingly, we conclude that Judge Murphy did not abuse his discretion in granting plaintiffs' motion to set aside Judge Roumell's prior order of dismissal.[4]

Affirmed.

---

[4] While it is not crucial to the proper resolution of the instant appeal, we note that Judge Roumell's order seems, on its face, to have disposed with finality only of Counts I and III, conditionally granting summary disposition on Count II, with contingencies providing for remand to district court to try that issue. An order which does not dispose of all the claims of all the parties is not a final judgment, and the trial court was thus free to modify that decision at any time before entry of final judgment. MCR 2.604(B). Neither final judgment nor an order of remand appears to have ever been entered here, so Judge Murphy, as successor to Judge Roumell, was empowered to reverse that interlocutory order without regard to the time elapsed, simply on the basis of a preference for a more correct adjudication of the rights and liabilities of the litigants.