800 P.2d 979

**IRVIN INVESTORS, INC., an Arizona corporation, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable David L. Grounds, a judge thereof, Respondent Judge,**

**Michelle KUEHNE, a minor, By and Through her Guardian ad litem and next best friend, Robert KUEHNE, and Charles Elder, Real Parties in Interest.**

No. 1 CA–SA 89–244.

Court of Appeals of Arizona, Division 1, Department B.

July 3, 1990.

Review Denied Dec. 4, 1990.[*]

Holloway & Thomas, P.C. by Benjamin C. Thomas, Kevin B. Sweeney, Phoenix, for petitioner.

---

[*] Feldman, V.C.J., of the Supreme Court, voted to grant review.

Johnson, Rasmussen & Johnson by Bryn R. Johnson, Dale W. Robinson, John W. Rasmussen, Mesa, for real party in interest Kuehne.

Charles Elder, Phoenix, in pro. per.

## OPINION

KLEINSCHMIDT, Judge.

This is an action by an employee against her employer. The employee contends that the employer is liable for injuries she suffered as a result of sexual harassment by a fellow employee. Her action for psychological injuries is based on the claim that her employer was negligent in hiring, supervising, and retaining the employee who caused the injury. The employer filed a motion for summary judgment, claiming that the employee is restricted to the remedy provided by the workers' compensation statutes. The trial judge denied the motion for summary judgment as to the negligence counts.

The employer brought this special action, and we accepted jurisdiction and stated that an opinion would follow. This is that opinion. We accepted jurisdiction because the point of law we deal with is an important one because we believe the error that occurred is clear and because our opinion will terminate the litigation. *See Ross v. Superior Court*, 128 Ariz. 301, 625 P.2d 890 (1981); *Amos v. Bowen*, 143 Ariz. 324, 693 P.2d 979 (App.1984); *Lawson v. Arnold*, 137 Ariz. 304, 670 P.2d 409 (App. 1983). We hold that the employee cannot maintain this action against her employer without showing some evidence of intentional misconduct on the part of the employer itself. Since the employee cannot produce such evidence, we grant relief and remand to the trial court with orders to grant summary judgment for the employer.

The case arose as follows. Michelle Kuehne was employed at a Jack–In–The–Box restaurant which was owned by Irvin Investors, Inc. In late 1987, Irvin Investors hired Charles Elder to work at the Jack–In–The–Box. It did so without verifying his former employment or attempting to find out anything about his background.

In January 1988, Elder sexually molested a female employee at the restaurant. A police investigation ensued, and Irvin Investors' district manager was aware of the problem. On one occasion sometime during this period, Elder remarked to the district manager that Michelle Kuehne "is a nice looking girl, it is too bad she is not 18 years old." The district manager had responded "[y]eah, they didn't have teenagers like that when I was a teenager." The district manager did not observe any other untoward conduct by Elder, and Elder was often permitted to work at the restaurant with no superior supervisory personnel on duty.

On February 20, and again on February 21, 1988, Elder sexually molested Michelle Kuehne while both were working at the restaurant. After the second incident, Kuehne notified the district manager of what had happened, and she quit her job. As a result of Elder's conduct, Kuehne suffered psychological problems which required treatment.

Kuehne sued both Elder and her employer. The trial court granted summary judgment in favor of the employer on Kuehne's claims which were based on respondeat superior. It also granted summary judgment against Kuehne for the alleged intentional acts of the employer. This left pending only the claim against her employer for negligent hiring, supervision, and retention which is the only claim we deal with in this special action.

The employer argues that Kuehne's claims for negligence are barred by the workers' compensation law, which provides the exclusive remedy for workers injured on the job. A.R.S. §§ 23–906(A) (Supp. 1989), 23–1022 (Supp.1989). Kuehne does not suggest that her employer did not comply with the workers' compensation statutes, but instead says that the type of injuries she sustained are not compensable under workers' compensation law. She says that the language of A.R.S. section 23–1043.01(B) precludes her recovery of compensation benefits. That statute provides that injuries for a mental illness or condition are not compensable unless they

are caused by some unexpected, unusual or extraordinary stress related to the employment. Under the facts of this case, the stress to which Kuehne was subjected by the sexual molestation certainly falls into the category of the unexpected, unusual, or extraordinary. At least one case holds that stress from sexual harassment results from "a situation of greater dimension than the day-to-day mental stresses and tensions which all employees must experience" and is therefore compensable under workers' compensation. *Baker v. Wendy's of Montana, Inc.*, 687 P.2d 885, 891 (Wyo. 1984).

Kuehne points out that her employer, in addressing the issue of whether it could be vicariously liable for Elder's conduct, successfully argued that Elder was acting outside the scope of his employment when he molested Kuehne. It follows, she says, that her injuries did not arise out of her employment. That is not correct. First, there is no doubt that Kuehne was injured while she was within the course and scope of *her* employment. Just because the person who injured her was not within the course and scope of his employment does not mean that she is barred from recovering workers' compensation. *See Special Fund v. Catalina Trucking Co.*, 134 Ariz. 585, 658 P.2d 238 (App.1982).

■ Kuehne next argues that the case of *Ford v. Revlon, Inc.*, 153 Ariz. 38, 734 P.2d 580 (1987), permits her to bring an action against her employer at common law for sexual harassment. In *Ford*, a woman named Letta Ford had worked in various jobs for Revlon for about six years before Revlon hired Karl Braun as her supervisor. Braun engaged in repeated and gross acts of sexual harassment against Ford. Ford complained bitterly and repeatedly to company officials who, for over a year, were well aware of the problem and did nothing to correct it. Ford sued Braun and Revlon for assault and battery and for intentional infliction of emotional distress. The jury found Revlon not liable for assault and battery but liable for intentional infliction of emotional distress. On appeal, Revlon, among other things, claimed that workers'

compensation was Ford's exclusive remedy. The supreme court disagreed, holding that Ford was not barred from maintaining the tort action against her employer. The members of the court were unable to agree on a single rationale for their decision. Justice Cameron, with whom Chief Justice Gordon and retired Justice Hays joined, said that the acts committed by Braun and Revlon were not covered by workers' compensation because they had been committed over a long period of time and the injury sustained was not unexpected. The court stressed that because the acts of the employer were of an intentional nature they could not be defined as an "accident" within the meaning of the workers' compensation law. Since a worker may enforce common law liability against an employer for injuries not encompassed by the compensation statute, Ford was allowed to maintain her claim.

Justice Feldman, with Justice Holohan concurring, took a different route to the same result. They rejected the idea that the injuries did not result from an "accident" because, regardless of what the tort was called, Revlon had not acted knowingly or purposefully with the direct object of injuring the employee, the statutory requisite for a forfeiture of an employer's immunity from suit under the common law. *See* A.R.S. § 23–1022 (Supp.1989). The essence of what Revlon had done, they said, was to proceed with a reckless disregard that its failure to take action would certainly cause the emotional distress. This, they reasoned, fell short of knowingly acting with the "direct object of injuring" Ford. *Ford,* 153 Ariz. at 47, 734 P.2d at 589. Justice Feldman, however, went on to say that workers' compensation should only apply to risks or damages which are inherent to the employment, and that, as a matter of law, sexual harassment does not qualify as one of these.

We are required to follow the rationale set out in the majority opinion in *Ford.* This rationale, which impliedly rejected the minority's reasoning, when applied to the facts of this case leads us to the conclusion that workers' compensation is the only remedy for this injury, and the trial judge

erred in failing to grant summary judgement.

The facts of this case are in sharp contrast to those in *Ford.* Here, Kuehne's claim based on the employer's intentional conduct has been dismissed. For our purposes, we can take it as established that the facts of the case, even when every inference is indulged in favor of the plaintiff, simply do not add up to intentional conduct, or even to a reckless disregard that emotional distress would ensue. Here, the employer was not even aware of Elder's misconduct toward Kuehne until after Kuehne had quit her job. Elder's misconduct was an "unexpected injury-causing event" within the coverage of the compensation statute. *Brock v. Industrial Comm'n,* 15 Ariz.App. 95, 96, 486 P.2d 207, 208 (1971).

The relief requested by the petitioner is granted. This case is remanded to the trial court with directions to enter summary judgment in favor of the petitioner.

VOSS, P.J., and JACOBSON, J., concur.