DOWNER v DETROIT RECEIVING HOSPITAL

Docket No. 118568. Submitted July 15, 1991, at Detroit. Decided
     September 16, 1991, at 9:00 A.M.

     Jennifer R. Downer brought an action in the Wayne Circuit
     Court against Detroit Receiving Hospital, Desabee Meadows,
     and others, alleging sexual harassment, negligent supervision,
     and negligent hiring, after she allegedly was sexually harassed
     by Meadows, one of her supervisors at the hospital. The court,
     Richard P. Hathaway, J., granted summary disposition for the
     defendants. The plaintiff appealed

          The Court of Appeals held:

          1. The court properly refused to consider the plaintiff's
     affidavit submitted in opposition to the defendants' motion for
     summary disposition. The affidavit contradicted testimony the
     plaintiff gave in a previous deposition.

          2. The court properly granted summary disposition for the
     employer with regard to the plaintiff's sexual harassment claim
     based on a hostile work environment. The employer adequately
     investigated and took prompt and appropriate remedial action
     upon notice of the alleged hostile work environment.

          3. Summary disposition of the claims against four of the
     defendants, which were based on their failure or refusal to
     investigate the plaintiff's claims against Meadows, was proper.
     A failure to investigate is not, in and of itself, a civil rights
     violation.

          4. Summary disposition with regard to the negligent-hiring
     claim was proper. The plaintiff did not allege that the employer
     acted intentionally, and therefore the claim is barred by the
     exclusive remedy provision of the Workers' Disability Compen-
     sation Act, MCL 418.131; MSA 17.237(131).

          Affirmed.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — AFFIDAVITS.

     A party may not create factual issues by merely asserting the

REFERENCES

Am Jur 2d, Job Discrimination §§ 810-814; Motions, Rules, and
     Orders §§ 13, 14, 20; Summary Judgment §§ 23, 35, 36.
On-the-job sexual harassment as violation of state civil rights law.
     18 ALR4th 328.

contrary in an affidavit after giving damaging testimony in a deposition (MCR 2.116[C][10]).

2. CIVIL RIGHTS — SEXUAL HARASSMENT — HOSTILE WORK ENVIRON-
   MENT — DUTY TO INVESTIGATE.
   An employer may avoid liability for an employee's claim of sexual harassment based on a hostile work environment if it adequately investigated and took prompt and appropriate remedial action upon notice of the alleged hostile work environment; the employer has a duty to investigate and take prompt remedial action only if it has actual or constructive notice of the offensive environment.

3. CIVIL RIGHTS — SEXUAL HARASSMENT — HOSTILE WORK ENVIRON-
   MENT — FAILURE TO INVESTIGATE ALLEGATIONS.
   A failure to investigate allegations of sexual harassment based on a hostile work environment is not, in and of itself, a violation of the Civil Rights Act (MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

*Burkett, Cooper, Cooper & Woods* (by *Raymond R. Burkett* and *Arlene F. Woods*), for the plaintiff.

*Honigman Miller Schwartz & Cohn* (by *Thomas E. Marshall*), for Detroit Receiving Hospital, Kenneth Maly, Edward Thomas, Marjorie Lester, and Patrick Greaves.

Before: DOCTOROFF, P.J., and McDONALD and BRENNAN, JJ.

BRENNAN, J. Plaintiff appeals as of right from a June 6, 1989, order granting summary disposition in favor of defendants pursuant to MCR 2.116(C) (8), (10). Plaintiff, an employee of defendant hospital, filed the present action against defendants alleging sexual harassment, negligent supervision, and negligent hiring after being sexually harassed by one of her supervisors at defendant hospital. We affirm.

On appeal, plaintiff first argues that the trial court erred in refusing to consider her affidavit

submitted in opposition to defendants' motion for summary disposition. However, plaintiff's affidavit contradicted testimony she gave in a previous deposition. Parties may not create factual issues by merely asserting the contrary in an affidavit after giving damaging testimony in a deposition. *Peterfish v Frantz,* 168 Mich App 43, 54-55; 424 NW2d 25 (1988). Therefore, we find that the trial court did not err in this regard.

Plaintiff next argues that the trial court erred in granting summary disposition to defendants where plaintiff stated a cause of action for sexual harassment. Plaintiff's claim was based on a hostile work environment. An employer may avoid liability for such a claim if it adequately investigated and took prompt and appropriate remedial action upon notice of the alleged hostile work environment. *Eide v Kelsey-Hayes Co,* 154 Mich App 142, 152; 397 NW2d 532 (1986), rev'd in part on other grounds 431 Mich 26; 427 NW2d 488 (1988). Plaintiff's deposition testimony indicated that, upon receiving plaintiff's first and only complaint regarding the sexual harassment by her supervisor, Desabee Meadows, defendant hospital immediately terminated Meadows' employment. Therefore, we find that the trial court properly granted summary disposition on this basis.

Plaintiff next argues that the lower court erred in granting summary disposition to defendants Lester, Maly, Greaves, and Thomas. Plaintiff alleged in her complaint that these individual defendants, specifically defendants Lester and Maly, were informed by plaintiff of her complaints of sexual harassment by Meadows but failed and refused to investigate the complaints. However, Michigan's Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548 (101) *et seq.*, is specific with regard to what constitutes a violation, and failure to investi-

gate is not, in and of itself, a civil rights violation. *Sumner v Goodyear Tire & Rubber Co,* 427 Mich 505, 545; 398 NW2d 368 (1986). It has been used only as a formula for derivative liability against an employer whose employees have engaged in sexual harassment. *Id.* The employer has a duty to investigate and take prompt remedial action regarding claims of sexual harassment only if it has actual or constructive notice of the offensive environment. *Eide, supra,* p 152. As noted above, upon receiving plaintiff's first and only complaint, regarding Meadows' sexual harassment of plaintiff, defendant hospital immediately terminated Meadows' employment. Therefore, we find that the trial court properly granted summary disposition with regard to this claim as well.

Finally, plaintiff maintains that the trial court erred in granting defendant hospital's motion for summary disposition regarding plaintiff's negligent-hiring claim. We disagree. However, we find that the trial court reached the correct result for the wrong reason. *DeWitt Twp v Clinton Co,* 113 Mich App 709, 713; 319 NW2d 2 (1982). The trial court found that plaintiff failed to state a claim, citing *Hersh v Kentfield Builders, Inc,* 385 Mich 410, 412; 189 NW2d 286 (1971). However, we find that plaintiff's claim is barred by the exclusive remedy provision of the Workers' Disability Compensation Act. MCL 418.131; MSA 17.237 (131). The WDCA bars claims brought by employees against their employer for injuries sustained in the course of employment unless the claim is one for an intentional tort. *Radtke v Everett,* 189 Mich App 346, 357; 471 NW2d 660 (1991); MCL 418.131; MSA 17.237 (131). An employer is deemed to have intended an injury if it had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. *Id.* Here, plaintiff alleges

that her employer acted negligently in hiring Desabee Meadows. Plaintiff does not allege that her employer acted intentionally, and therefore, her claim is barred. Compare *Schutt v Lado,* 138 Mich App 433, 437; 360 NW2d 214 (1984). See also *Irvin Investors, Inc v Superior Court,* 166 Ariz 113; 800 P2d 979 (1990).

Affirmed.