# STATE OF MICHIGAN

# COURT OF APPEALS

JUANITA CARR,

       Plaintiff-Appellant,

v

DETROIT BOARD OF EDUCATION,

       Defendant-Appellee.

UNPUBLISHED
February 14, 2017

No. 329832
Wayne Circuit Court
LC No. 14-004525-CD

Before: WILDER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right an order denying her motion for reconsideration of an order granting summary disposition in favor of defendant, dismissing her hostile work environment age discrimination case under the Michigan Civil Rights Act (CRA), MCL 37.2101 *et seq*. We affirm.

Plaintiff is a 78-year-old woman who was employed for 19 years as a school teacher by Detroit Public Schools, until June 2011 when she claims she was constructively discharged because of her age. Plaintiff brought this age discrimination case in 2014, alleging that during the 2010/2011 school year she was subjected to recurring physical and verbal attacks by students in her classroom but numerous requests to the school principal, Michelle Parker, for assistance and protection were ignored or denied. In fact, plaintiff claimed, she was told by Principal Parker that she was too old to teach and, ultimately, plaintiff was forced to retire.

Eventually, defendant filed a motion for summary disposition under MCR 2.116(C)(10), arguing that defendant did not engage in any conduct designed to force plaintiff to quit because of her age and she was not discharged because of her age; rather, plaintiff retired. Thus, plaintiff could not establish a prima facie case of hostile work environment age discrimination.

Plaintiff responded to defendant's motion for summary disposition, arguing that she was "targeted, harassed, discriminated against and subjected to physical abuse on the basis of her age by defendant" through the school principal who routinely told students, security guards, and plaintiff's coworkers that plaintiff was too old to teach and that she was going to get her to retire. Consequently, students were effectively encouraged to taunt, harass, and physically assault plaintiff because of her age and plaintiff was refused or denied assistance from coworkers and security guards. In support of her claims, plaintiff provided the deposition testimony from a student, coworker, and security guard. And, plaintiff argued, the respondeat superior element

-1-

was satisfied because Principal Parker was a higher management employee of defendant who carried out the harassing and discriminatory conduct in the course of her employment. Because of this hostile work environment, plaintiff argued, she was forced to retire. Accordingly, she established a prima facie case of hostile work environment age discrimination.

Defendant filed a reply to plaintiff's response to its motion for summary disposition, arguing that it was never notified about the alleged age-based harassment. That is, respondent superior liability did not exist because defendant did not fail to take prompt and adequate remedial action after being notified about the alleged age discrimination; plaintiff never complained to defendant about the alleged age discrimination.

The trial court granted defendant's motion for summary disposition following oral arguments, holding that defendant was not reasonably put on notice of plaintiff's age-based hostile work environment claim. The only person plaintiff purportedly notified about the age-based harassment was the alleged harasser, Principal Parker, which was not sufficient to impute knowledge of age discrimination to her employer, defendant. Thereafter, plaintiff filed a motion for reconsideration, arguing that notice to Principal Parker about her own age-based harassment of plaintiff was sufficient notice to defendant. The trial court disagreed and denied plaintiff's motion for reconsideration. This appeal followed.

Plaintiff argues that the trial court erred in dismissing her case because complaints to Principal Parker, the alleged harasser, were sufficient to put defendant on notice of plaintiff's hostile work environment age discrimination claim. We disagree.

We review de novo a trial court's decision to grant a motion for summary disposition. *Sheridan v Forest Hills Pub Sch*, 247 Mich App 611, 620; 637 NW2d 536 (2001). A motion brought under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Spiek v Dept of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The moving party must identify the matters that have no disputed factual issues, and has the initial burden of supporting its position with documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The party opposing the motion must then establish by evidentiary materials that a genuine issue of disputed fact exists. *Id*. After considering the documentary evidence submitted in the light most favorable to the nonmoving party, the court determines whether a genuine issue of material fact exists to warrant a trial. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

It is well-established that the CRA permits a lawsuit against an employer for age discrimination as a result of a hostile work environment. MCL 37.2202. Our Supreme Court explained in *Radtke v Everett*, 442 Mich 368, 372; 501 NW2d 155 (1993), "a hostile work environment claim is actionable when the work environment is so tainted that, in the totality of the circumstances, a reasonable person in the plaintiff's position would have perceived the conduct at issue as substantially interfering with employment or having the purpose or effect of creating an intimidating, hostile, or offensive employment environment."

There are five elements that must be established to set forth a prima facie case of a hostile work environment, but only one of those elements is at issue in this case: the respondeat superior element. See *id*. at 382-383; see also *Chambers v Trettco, Inc*, 463 Mich 297, 311; 614

NW2d 910 (2000). That is, an employer may be held vicariously liable for an employee's unlawful actions when the employer had—or under the circumstances should have had—notice of those actions. *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 791-792; 685 NW2d 391 (2004); *Chambers*, 463 Mich at 315-316. But "an employer may avoid liability [under the CRA] 'if it adequately investigated and took prompt and appropriate remedial action upon notice of the alleged hostile work environment.'" *Radtke*, 442 Mich at 396, quoting *Downer v Detroit Receiving Hosp*, 191 Mich App 232, 234; 477 NW2d 146 (1991). Thus, an employer cannot be held liable for failing to take action with regard to the alleged harassment by a coworker or supervisor if the employer did not have notice of the harassment. See *Radtke*, 442 Mich at 396-397.

In this case, the issue is whether plaintiff gave her employer, defendant, notice of her hostile work environment age discrimination claim. Plaintiff argues that she placed defendant on notice of her age-based harassment claim because she complained about it to her direct supervisor, Principal Parker, who was the alleged harasser. In support of her argument, plaintiff relies on our holding in *Sheridan*, 247 Mich App at 622-623, which clarified that an employer is considered on notice of the alleged harassment if a complaint about it was made to "higher management." Plaintiff argues that Principal Parker was "higher management" because she had the ability to hire, fire, and discipline plaintiff. But plaintiff fails to consider our entire definition of "higher management." In *Sheridan*, "higher management" was defined "to mean someone in the employer's chain of command who possesses the ability to exercise significant influence in the decision-making process of hiring, firing, and disciplining **the offensive employee**." *Id*. at 622 (emphasis supplied).

Here, the allegedly "offensive employee" was plaintiff's direct supervisor, Principal Parker; thus, plaintiff was required to notify someone who had "significant influence" over Principal Parker about Parker's alleged age discrimination. That is, plaintiff was required to notify a higher management employee who had "actual authority to effectuate change in the workplace" by, for example, firing or disciplining "the offensive employee," Principal Parker. *Id*. at 622-623. However, before she retired, plaintiff only purportedly complained to Principal Parker, an employee whose knowledge about her own alleged age discrimination may not fairly be imputed to defendant, their employer. See *id*. at 622.

As case law makes clear, supervisors who violate the CRA may be subject to individual liability for their own actions. *Elezovic v Ford Motor Co*, 472 Mich 408, 411, 420; 697 NW2d 851 (2005). However, for an employer of the alleged harasser to be vicariously liable for those actions, the employer must have had reasonable notice of the harassment and yet failed to take appropriate corrective action. *Id*. at 426. "Courts must apply an objective standard of review when considering whether the employer was provided adequate notice." *Sheridan*, 247 Mich App at 621. Notice is deemed adequate if, by an objective standard and considering the totality of the circumstances, a reasonable employer would have been aware of the substantial probability that age-based harassment was occurring. See *id*. at 622 (citation omitted).

In this case, applying an objective standard, and as the trial court held, complaints to the alleged harasser, Principal Parker, did not constitute adequate or reasonable notice to defendant about Principal Parker's alleged age-based harassment. Thus, as the trial court concluded, plaintiff failed to show that a genuine issue of material fact existed with regard to the respondeat

superior element of her claim under the CRA and, therefore, plaintiff could not establish a prima facie case of hostile work environment age discrimination against defendant. Accordingly, defendant's motion for summary disposition was properly granted.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly