*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EDWARD CASTLEBERRY,

       Plaintiff-Appellant,

v

APPLEBEE'S NEIGHBORHOOD BAR & GRILL
and TEAM SCHOSTAK FAMILY
RESTAURANTS, LLC,

       Defendants-Appellees.

UNPUBLISHED
January 27, 2022

No. 356033
Wayne Circuit Court
LC No. 19-004175-NO

Before: GADOLA, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants, Applebee's Neighborhood Bar & Grill (Applebee's) and Team Schostak Family Restaurants, LLC. Plaintiff contends on appeal that the trial court erred by concluding as a matter of law that the alleged hazardous condition was open and obvious and not effectively unavoidable. We affirm.

## I. BACKGROUND

This case arises from a slip and fall that occurred on December 11, 2017. On that date, plaintiff and his wife arrived at an Applebee's restaurant in Southgate, Michigan, at around 11:00 p.m. for dinner. They parked in a handicapped space near the entrance and stayed at the restaurant for approximately one hour.

Plaintiff and his wife both testified that weather conditions were hazardous on the night in question. Plaintiff specifically stated that the conditions when arriving at the restaurant "were pretty bad," with snow having accumulated in the parking lot to the point where the pavement was no longer visible. Although he acknowledged that neither he nor his wife had difficulty traversing the snow to enter the premises, plaintiff noted that his car was essentially surrounded by snow when they parked at the restaurant. Plaintiff also testified that the conditions became worse while they were in the restaurant and that he and his wife watched more snow fall during their meal. According to plaintiff, by the time that they were ready to leave the restaurant at around midnight,

-1-

"[i]t was really coming down, it was a blizzard actually." Plaintiff further observed upon exiting Applebee's that the sidewalk was completely covered in ice, slush, and snow, leaving no clear path to the car. He did not see any salt on the sidewalk or surrounding areas.

While plaintiff stated that it was dark outside at the time that they left Applebee's, he also acknowledged that the lighting in the area was adequate. After exiting the restaurant and on the way to his parked car, plaintiff slipped and fell on the sidewalk near the curb, landing on his back in the parking lot. Plaintiff was helped off the ground by Shirley Tyler, a manager at the restaurant. Plaintiff did not receive any medical treatment at the scene. But before plaintiff and his wife drove off, he heard Tyler state that "maybe she should have put some salt on the sidewalk."

Plaintiff filed an amended complaint on May 7, 2019,[1] alleging that both defendants were responsible for the dangerous condition of the premises and liable for plaintiff's injuries. Plaintiff alleged one count of negligence against each defendant, claiming that both defendants failed in their duty to protect business invitees from injury.

On June 16, 2020, defendants moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that they were entitled to judgment as a matter of law because the icy pavement was an open and obvious condition of which plaintiff was aware. Plaintiff countered that the hazard was not open and obvious because the incident occurred at night and therefore plaintiff could not see the ice. Plaintiff also asserted that the open and obvious danger doctrine was inapplicable because the icy sidewalk was an unavoidable hazard.

The trial court dispensed with oral argument and granted defendants' motion for summary disposition, concluding in its written order that under *Ververis v Hartfield Lanes*, 271 Mich App 61; 718 NW2d 382 (2006), the condition was open and obvious with no special aspects. This appeal followed.

## II. STANDARD OF REVIEW AND GOVERNING SUMMARY DISPOSITION PRINCIPLES

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is appropriate under MCR 2.116(C)(10) when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion for summary disposition brought under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *El-Khalil*, 504 Mich at 160. Courts must consider all the evidence in a light most favorable to the nonmoving party. *Id*. The motion may only be granted when there is no genuine issue of material fact. *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks, citation, and brackets omitted).

---

[1] Plaintiff's original complaint contained the same general allegations, but only named Applebee's as defendant; the amended complaint was filed to include both defendants in the action.

The moving party may satisfy its burden under MCR 2.116(C)(10) through the submission of affirmative evidence that negates an essential element of the nonmoving party's cause of action or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the party's claim. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). Once this initial burden is met, the nonmovant must "set forth specific facts showing that a genuine issue of material fact exists" and "may not rely on mere allegations or denials in pleadings." *Id*. (quotation marks and citations omitted). "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id*. (quotation marks and citations omitted). We review de novo issues of law. *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 477; 760 NW2d 287 (2008).

## III. ANALYSIS

Plaintiff argues on appeal that the trial court erred by finding as a matter of law that the hazardous condition was open and obvious and not effectively unavoidable. We disagree.

Our Supreme Court in *Hoffner v Lanctoe*, 492 Mich 450, 459-460; 821 NW2d 88 (2012), provided the following analytical overview with respect to the law governing premises liability, explaining:

> The law of premises liability in Michigan has its foundation in two general precepts. First, landowners must act in a reasonable manner to guard against harms that threaten the safety and security of those who enter their land. Second, and as a corollary, landowners are not insurers; that is, they are not charged with guaranteeing the safety of every person who comes onto their land. These principles have been used to establish well-recognized rules governing the rights and responsibilities of both landowners and those who enter their land. Underlying all these principles and rules is the requirement that both the possessors of land and those who come onto it exercise common sense and prudent judgment when confronting hazards on the land. These rules balance a possessor's ability to exercise control over the premises with the invitees' obligation to assume personal responsibility to protect themselves from apparent dangers.

> The starting point for any discussion of the rules governing premises liability law is establishing what duty a premises possessor owes to those who come onto his land. With regard to invitees,[2] a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land. Michigan law provides liability for a breach of this duty of ordinary care when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect. [Citations omitted.]

---

[2] There is no dispute in the instant case that plaintiff was an invitee.

-3-

Consideration of whether a danger or defect is open and obvious is an integral component of defining the duty owed by an invitor to an invitee. *Hoffner*, 492 Mich at 460. A possessor of land does not owe a duty to protect or warn an invitee relative to dangers that are open and obvious. *Id.* This is "because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id.* at 461. "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id.* The required analysis involves examination of the objective nature of the condition of the premises. *Id.* It is well established that wintry conditions can be characterized as open and obvious, and "Michigan courts thus ask whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger." *Id.* at 464.[3]

---

[3] We take note of several Supreme Court orders issued over the years regarding icy conditions. In *Ragnoli v North Oakland-North Macomb Imaging, Inc*, 500 Mich 967 (2017), our Supreme Court, reversing a decision by this Court, ruled that "[t]he trial court correctly held that, notwithstanding the low lighting in the parking lot, the presence of wintery weather conditions and of ice on the ground elsewhere on the premises rendered the risk of a black ice patch 'open and obvious such that a reasonably prudent person would foresee the danger' of slipping and falling in the parking lot." (Citation omitted.) In *Cole v Henry Ford Health Sys*, 497 Mich 881 (2014), the Supreme Court similarly stated:

> Here, the so-called "black ice" was detected by four other witnesses who viewed the premises after the plaintiff's accident. There were several patches of ice evident in the area where the plaintiff fell. In addition, there were numerous indicia of a potentially hazardous condition being present, including seven inches of snow on the ground, some precipitation the previous day, and a recent thaw followed by consistent temperatures below freezing. A reasonably prudent person would foresee the danger of icy conditions on the mid-winter night the plaintiff's accident occurred. [Citation omitted.]

In *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935 (2010), our Supreme Court ruled as follows:

> "[B]lack ice" conditions [are rendered] open and obvious when there are indicia of a potentially hazardous condition, including the specific weather conditions present at the time of the plaintiff's fall. Here, the slip and fall occurred in winter, with temperatures at all times below freezing, snow present around the defendant's premises, mist and light freezing rain falling earlier in the day, and light snow falling during the period prior to the plaintiff's fall in the evening. These wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection. [Citations and quotation marks omitted.]

An exception to the duty owed for open and obvious dangers arises when special aspects of a condition make even an open and obvious risk unreasonable. *Hoffner*, 492 Mich at 461. Special aspects exist when an open and obvious hazard remains unreasonably dangerous or when it is effectively unavoidable. *Id*. at 461-463. The *Hoffner* Court further observed:

> [W]hen confronted with an issue concerning an open and obvious hazard, Michigan courts should hew closely to the principles previously discussed. It bears repeating that exceptions to the open and obvious doctrine are narrow and designed to permit liability for such dangers only in limited, extreme situations. Thus, an "unreasonably dangerous" hazard must be just that—not just a dangerous hazard, but one that is unreasonably so. And it must be more than theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances. An "effectively unavoidable" hazard must truly be, for all practical purposes, one that a person is required to confront under the circumstances. A general interest in using, or even a contractual right to use, a business's services simply does not equate with a compulsion to confront a hazard and does not rise to the level of a "special aspect" characterized by its unreasonable risk of harm. [*Id*. at 472-473 (citations omitted; emphases in original).]

It is only those special aspects that give rise to a uniquely high likelihood of harm or severity of harm that can serve to remove a condition from the open and obvious danger doctrine. *Id*. at 472 n 38.

In this case, plaintiff first argues that a question of fact remains concerning whether the snowy and icy sidewalk was indeed open and obvious. While acknowledging that caselaw generally holds that snowy and icy conditions, without more, are considered open and obvious, plaintiff asserts that the hazardous condition here was not merely the presence of snow and ice but was also affected by inadequate lighting and the curb's obscured change in level. Given these additional factors, plaintiff contends that the trial court erred by deciding as a matter of law that plaintiff should have discovered the danger. Plaintiff specifically relies on *Blackwell v Franchi*, 318 Mich App 573; 899 NW2d 415 (2017), remanded in part on other grounds 502 Mich 918 (2018), to support the proposition that inadequate lighting can be sufficient to impose liability for a hazard that would otherwise have been open and obvious.

We hold that there is no genuine issue of material fact that the snowy and icy sidewalk on which plaintiff slipped objectively constituted an open and obvious danger. The panel in *Blackwell* did indicate that the absence of lighting can be a factor to consider in analyzing whether an alleged hazardous condition is open and obvious. *Id.* at 578. But despite plaintiff's contention otherwise, the facts here show that the lighting in the restaurant parking lot was indeed adequate and did not contribute to plaintiff's fall.

The record contains just a few references to the lighting that existed in the parking lot at the time of the incident. Tyler's deposition testimony confirmed that the area was lit both with exterior lighting on the building and light poles throughout the parking lot. Plaintiff's responses to defendants' interrogatories also described the lighting as "[a]dequate," and plaintiff did not cite lighting as being a contributing factor to the fall. Plaintiff's deposition, however, included the following testimonial exchange:

> *Q.* How dark was it?
>
> *A.* Well, it was midnight, it was dark.

We cannot conclude that this snippet of testimony, even when viewed in a light most favorable to plaintiff, is sufficient to create a factual dispute with respect to whether inadequate lighting contributed to plaintiff's fall or to whether inadequate lighting precluded a finding that the hazard was open and obvious. Plaintiff's deposition testimony simply indicated that it was dark outside because it was midnight; the testimony did not speak to whether the artificial lighting was inadequate to see where plaintiff was walking, nor did the testimony indicate that inadequate lighting was a cause of the slip and fall. Without more specific evidence demonstrating the claimed inadequacy of the artificial lighting, a genuine issue of material fact has not been established. And even were we to assume that plaintiff's deposition testimony was sufficient to create a factual issue regarding the lighting's adequacy, we would note that plaintiff is not permitted to create factual issues by contradicting his own prior damaging statements. See *Downer v Detroit Receiving Hosp*, 191 Mich App 232, 234; 477 NW2d 146 (1991) ("Parties may not create factual issues by merely asserting the contrary in an affidavit after giving damaging testimony in a deposition.").

This case must therefore be viewed as a typical wintry-condition case, which this Court has repeatedly found to involve open and obvious hazards. See, e.g., *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 287; 933 NW2d 732 (2019) (finding snowy and icy pavement to be open and obvious because the existence of wintry conditions was readily observable and the plaintiff admitted to seeing snow on the ground). In *Estate of Trueblood*, it had been snowing throughout the day before the plaintiff's fall; the plaintiff was aware of these wintry conditions, and she admitted to seeing snow on the pavement when going outside. *Id.* Similar to those facts, in the present case it had been snowing throughout the day; plaintiff admitted seeing that the sidewalk was covered in snow before entering the restaurant, and he continued to watch snow fall while he ate. Under these circumstances, a reasonably prudent person would have anticipated the danger of slipping on an icy or snowy sidewalk.

Plaintiff suggests that this case is distinguishable from typical wintry-condition cases because the snow was obscuring the curb's change in level. We find no authority supporting that such a condition is not open and obvious. Plaintiff's contention is also unsupported by the facts of the present case which show that plaintiff should have been aware of the curb's levels despite it being obscured by snow. This is because he was experienced in dealing with winter weather in Michigan; he had apparently visited the same restaurant numerous times before this incident, and, on the night in question, he had already successfully navigated the hazardous area when entering the premises and would thus have known of the curb's existence. The trial court, therefore, did not err in concluding that the snowy and icy pavement on which plaintiff slipped was open and obvious as a matter of law.

Plaintiff also asserts that he presented sufficient evidence to create a question of fact concerning whether the condition, even if deemed open and obvious as a matter of law, was effectively unavoidable. Plaintiff stresses that the cases refusing to find snowy conditions effectively unavoidable all involved plaintiffs who voluntarily chose to confront the hazard when *entering* the premises. According to plaintiff, the instant case is distinguishable because he was forced to confront the snowy and icy sidewalk in order to *exit* the restaurant. Although conceding that he did observe snow when entering the building, plaintiff emphasizes how conditions worsened while he was inside. He further argues that he had no option but to navigate the hazard or else be trapped in a closing restaurant after midnight, thereby making the condition effectively unavoidable. Plaintiff relies on *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 518; 629 NW2d 384 (2001), wherein our Supreme Court provided the following example of an effectively-unavoidable condition:

> An illustration of such a situation might involve, for example, a commercial building with only one exit for the general public where the floor is covered with standing water. While the condition is open and obvious, a customer wishing to exit the store must leave the store through the water. In other words, the open and obvious condition is effectively unavoidable.

If we were to view plaintiff's exit from the restaurant in isolation, it could be said that the instant case is in line with *Lugo*'s example. There was only the single exit for plaintiff to leave the restaurant, and he was therefore essentially required to traverse the hazard to return to his car. But plaintiff was only "forced" to exit the restaurant because he decided just one hour earlier to enter the premises and, in doing so, voluntarily confronted the same hazard. In *Wilson v BRK, Inc*, 328 Mich App 505, 513; 938 NW2d 761 (2019), this Court faced a similar argument, where the plaintiff contended that a bar's doorway step presented a dangerous condition to wheelchair-bound patrons such as himself and was effectively unavoidable because that doorway was the only one that he could use to exit the establishment, at which time he fell and was injured. The *Wilson* panel, after a discussion of *Hoffner* and the *Lugo* hypothetical, held as follows:

> We conclude that *Hoffner* dictates that we conclude that the . . . step was avoidable because plaintiff was not compelled to patronize the bar and confront the step. And with respect to *Lugo*, we note that there was no indication in the Court's hypothetical that the water in the building had been confronted by customers when they first entered the building. Therefore, *Lugo* does not support plaintiff's argument. In sum, we affirm the trial court's determination that as a matter of law, no special aspects existed. [*Wilson*, 328 Mich App at 515-516.]

In this case, even assuming plaintiff accurately indicated that snow continued falling like a blizzard while he was eating, we find it does not overcome the fact that plaintiff voluntarily placed himself in the that situation. It had been snowing throughout the day when plaintiff arrived at the restaurant, and the parking lot and sidewalk were already obscured by snow at that time. Moreover, assuming, arguendo, that continued snowfall did increase the danger of the sidewalk in the one hour from the time plaintiff entered the premises to the time that he left, plaintiff should have anticipated this possibility when he willingly chose to enter the restaurant during a snowstorm. Upon arriving at the restaurant and knowing the potential danger, plaintiff had the choice to drive away and avoid the danger. Specifically, he could have avoided injury simply by

returning home or patronizing a drive-through restaurant. In sum, we hold that the trial court did not err in concluding as a matter of law that the snowy and icy pavement was not effectively unavoidable.

We affirm. Having fully prevailed on appeal, defendants may tax costs under MCR 7.219.


/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ Christopher M. Murray